IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY L. SHANK, | ) | |
| | ) | |
| Plaintiff, | ) | 7:08CV5004 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF KIMBALL; EVERSTON OIL COMPANY, INC.; EVERSTON[1] OPERATING COMPANY INC.; EVERTSON EXPLORATION, LLC; EVERTSON WELL SERVICE, INC.; CASTRONICS, INC.; BRUCE EVERTSON; GREG DINGES, individually and in his capacity as Mayor of the CITY OF KIMBALL; HAROLD FARRAR, individually and in his capacity as City Administrator for the CITY OF KIMBALL, NEBRASKA; PERRY VAN NEWKIRK; and MARY LOU DIAZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on defendants Perry Van Newkirk ("Van Newkirk"), Castronics, Inc. ("Castronics"), Bruce Evertson ("Evertson"), Evertson Oil Company, Inc. ("Evertson Oil"), Evertson Operating Company, Inc. ("Evertson Operating"), Evertson Exploration, LLC ("Evertson Exploration"), and Evertson Well Service, Inc.'s ("Evertson Well Service") motions to dismiss

---

[1] The Court notes that the "Everston" defendants should be "Evertson" and that "Castonics, Inc." should be "Castronics, Inc." The clerk of court shall correct the records accordingly.

the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Filing Nos. 36 and 39).

After review, the Court finds Evertson Exploration and Evertson Well Service's motions to dismiss the complaint for failure to state a claim should be granted on the 42 U.S.C. § 1983 claim, and the defendants' Rule 12(b)(6) motions to dismiss should be denied in all other respects.

## BACKGROUND

Plaintiff Billy Shank ("Shank") was Chief of Police for the City of Kimball, Nebraska ("City")(Compl., Filing No. 1, ¶ 15). Shank learned that City business owners complained that Hispanic workers were being harassed by a police officer who was ultimately fired (*Id*. at ¶¶ 23, 25, 28, 33). The defendants' workforce was largely Hispanic, and the defendants aimed to make their workers feel comfortable, but Shank did not believe the complaints were valid; indeed, Shank publicly objected to the police officer's termination (*Id*. at ¶¶ 26, 29, 35, 37). Subsequently, Van Newkirk, Evertson, Castronics and "Evertson Companies" actively campaigned and financially supported Mayor Dinges' election, and Mayor Dinges was elected the new mayor (*Id*. at ¶¶ 38, 39). Van Newkirk and Evertson solicited Shank's termination from Mayor Dinges, and Mayor Dinges terminated Shank without giving a reason for the termination (*Id*. at ¶¶ 40-42).

Shank filed a complaint against Van Newkirk, Castronics, Evertson, Evertson Oil, Evertson Operating, Evertson Exploration, and Evertson Well Service (collectively "Defendants"), claiming Defendants violated 42 U.S.C. § 1983 by conspiring to interfere with Shank's civil rights and violated state law by intentionally interfering with Shank's contract rights (Compl., Filing No. 1). Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Filing Nos. 36 and 39).

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows a party to attack the legal sufficiency of the complaint and move to dismiss the complaint for failing to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007); *see also Miller v. Albright*, No. 4:07-CV-1086 CAS, 2008 WL 1840785, at *1 (E.D. Mo. April 23, 2008). "[The Court] must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

**ANALYSIS**

**1) 42 U.S.C. § 1983 Claim**

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution . . . shall be liable to the party injured . . . .

A private actor may be liable under § 1983 if he conspires with state officials to violate a citizen's constitutional rights. *Dossett v. First State Bank*, 399 F.3d 940, 950 (8th Cir. 2005); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). A private corporation may be liable under § 1983 if it has "an unconstitutional policy or custom, or an individual representing the company has taken actions which inflict injuries redressable by section 1983;" however, a corporation cannot be held liable based on the theory of respondeat superior. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

When viewing the complaint in the light most favorable to Shank, the allegations are sufficient to survive a Rule 12(b)(6) motion by Van Newkirk and Evertson. The complaint alleges that the defendants, in association with one another, agreed to deprive plaintiff of his constitutional rights, as more

fully set forth in the complaint, which objective was unlawfully to terminate plaintiff's employment (*Id.* at ¶ 57).  Accordingly, the complaint's allegations are sufficient at this early stage in the litigation to survive Van Newkirk and Evertson's Rule 12(b)(6) motions to dismiss.

With regard to the corporate defendants, the complaint does not allege sufficient facts against Evertson Exploration and Evertson Well Service, and these entities' motions to dismiss the § 1983 claim should be granted.  Viewing the complaint favorably to Shank, the complaint's allegations are sufficient to survive Castronics, Evertson Oil, and Evertson Operating's Rule 12(b)(6) motions to dismiss.

Van Newkirk is the president of Castronics, a Nebraska corporation (*Id.* at ¶¶ 10, 13).  Evertson is president of Evertson Oil and Evertson Operating, an agent of Evertson Exploration and Evertson Well Service, and director of Castronics (*Id.* at ¶ 12).  Evertson Oil, Evertson Operating, and Evertson Exploration are foreign corporations licensed to do business in Nebraska, and Evertson Well Service is a Nebraska Corporation (*Id.* at ¶¶ 6-9).  Based on the complaint, it can reasonably be inferred that Castronics, Evertson Oil, Evertson Operating, and Evertson Exploration employ Hispanic workers who have had contact with the City's police officers (*Id.* at ¶¶ 19, 23, 25, 29).

Because Van Newkirk is president of Castronics and Evertson is president of Evertson Oil and Evertson Operating, it can reasonably be inferred that Van Newkirk and Evertson's actions represent the policies of these entities. As a result, the complaint, at this stage of the litigation, can survive Castronics, Evertson Oil, and Evertson Operating's Rule 12(b)(6) motions to dismiss. In contrast, Evertson is merely an "agent" of Evertson Exploration and Evertson Well Service, and it cannot be reasonably inferred that Evertson's actions represent these entities' policies; rather, liability would be imposed on Evertson Exploration and Evertson Well Service solely based on respondeat superior. Therefore, the complaint fails to state a claim upon which relief can be granted against Evertson Exploration and Evertson Well Service, and these entities' Rule 12(b)(6) motions to dismiss should be granted on the 1983 claim.

**2) Interference With Contract Claim**

To establish a cause of action for tortious interference with contract, the plaintiff must prove five elements:

> (1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage

>     to the party whose relationship or
>     expectancy was disrupted.

*Huff v. Swartz*, 258 Neb. 820, 825, 606 N.W.2d 461, 466 (Neb. 2000).

The complaint alleges sufficient facts to establish plausible claims against the defendants. Specifically, the complaint alleges Shank had an employment contract with the City as Chief of Police, Van Newkirk and Evertson knew Shank was Chief of Police, "many of the corporate defendants" complained to city officials because of Shank's investigations of immigrant workers, and Van Newkirk and Evertson sought Shank's termination from Mayor Dinges (Compl., Filing No. 1, ¶¶ 32, 40, 62). The complaint further alleges "[T]he corporate and individual defendants intentionally and unjustifiably interfered with Plaintiff's contractual rights in that they conspired together to induce the City of Kimball to terminate Plaintiff's employment," and Shank suffered damages as a result (*Id*. at ¶ 63-65). These allegations are sufficient at this stage to survive Defendants' Rule 12(b)(6) motions to dismiss. Accordingly,

IT IS ORDERED that Evertson Exploration and Evertson Well Service's Rule 12(b)(6) motions to dismiss for failure to state a claim should be granted on the 42 U.S.C. § 1983 claim,

and the Defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim should be denied in all other respects.

DATED this 28th day of August, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court