IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
BILLY L. SHANK,                )
                               )
          Plaintiff,           )      7:08CV5004
                               )
     v.                        )
                               )
CITY OF KIMBALL; EVERTSON OIL  )      MEMORANDUM AND ORDER
COMPANY, INC.; EVERTSON        )
OPERATING COMPANY INC.;        )
EVERTSON EXPLORATION, LLC;     )
EVERTSON WELL SERVICE, INC.;   )
CASTRONICS, INC.; BRUCE        )
EVERTSON; GREG DINGES,         )
individually and in his        )
capacity as Mayor of the CITY  )
OF KIMBALL; HAROLD FARRAR,     )
individually and in his        )
capacity as City               )
Administrator for the CITY OF  )
KIMBALL, NEBRASKA; PERRY VAN   )
NEWKIRK; and MARY LOU DIAZ,    )
                               )
          Defendants.          )
_____)
```

This matter is before the Court on defendant Mary Lou Diaz's ("Diaz") motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted (Filing No. 46).

### BACKGROUND

Plaintiff Billy Shank ("Shank") was Chief of Police for the City of Kimball, Nebraska ("City") until December 2006, and Diaz is a resident of the City (Filing No. 1, ¶¶ 14, 15, 41). In June 2005, Diaz contacted Shank and indicated that Hispanics were claiming that members of the police department were harassing

Hispanics (*Id*. at ¶ 30).  In July 2005, Diaz contacted Shank and asked if she could obtain information regarding how many people had been stopped and arrested during the previous five years and how many of those people had Hispanic surnames (*Id*. at ¶ 17).  Shank told Diaz that she would have to contact the county attorney regarding her request (*Id*. at ¶ 18).  Shortly after Diaz contacted Shank, defendant Van Newkirk contacted Shank and reported that one of Van Newkirk's employees claimed he had been harassed by a police officer (*Id*. at ¶ 19).

Shortly after Van Newkirk contacted Shank, Diaz, Van Newkirk and other community members attended a meeting of Forward Kimball Industries wherein the attendees called for the termination of a police officer that was under Shank's control for alleged discrimination of Hispanic residents (*Id*. at ¶¶ 23, 25, 27, 30).  At the meeting, the individual defendants discussed that the corporate defendants' workforce was largely Hispanic, businesses relied heavily on Hispanics, and Hispanics needed to feel comfortable to continue working in the area (*Id*. at ¶ 29).  Then mayor of the City, Mayor Robinson, and City Manager Goodall were invited to attend, but Shank was not invited or permitted to attend (*Id*. at ¶¶ 23, 24).  Attendees of the meeting informed Shank that some of the business owners' Hispanic workers had complained about the specific officer's conduct and claimed the police officer had arrested them without cause (*Id*. at ¶ 25).

Shank did not believe these complaints were truthful or legitimate and that Diaz and the other defendants knew the statements were false or acted in reckless disregard as to their falsity (*Id.* at ¶ 26).

Following the Forward Kimball Industries meeting, Shank was required to attend a meeting in which the police officer was placed on suspension by Mayor Robinson (*Id.* at ¶ 27). The police officer was terminated on or about November 16, 2005 (*Id.* at ¶ 33). Shank was against the termination and publicly objected to the termination (*Id.* at ¶¶ 34, 35). Soon after the officer was terminated, Diaz approached Shank and told him he should resign (*Id.* at ¶ 36).

In December of 2005, Shank was up for reappointment before the city council, and he was reappointed (*Id.* at ¶ 37). The terminated police officer filed a lawsuit against the defendants herein, and Shank provided truthful statements to the City that supported the terminated police officer's case (*Id.*).

In the fall of 2006, defendant Evertson and defendant Van Newkirk actively campaigned and financially supported the election of defendant Dinges for mayor, and Dinges was elected mayor (*Id.* at ¶¶ 38, 39). Diaz, defendant Van Newkirk, and defendant Evertson solicited plaintiff's termination from Mayor Dinges (*Id.* at ¶ 40). On December 15, 2006, Mayor Dinges terminated Shank without providing any reason for the termination

(*Id.* at ¶¶ 41-42). The complaint alleges that the individual who replaced Shank as chief of police has made very few arrests while in the position of police officer (*Id.* at ¶ 41).

Shank filed a complaint against Diaz and several other defendants, claiming Diaz violated 42 U.S.C. § 1983 by conspiring to interfere with Shank's civil rights and violated state law by intentionally interfering with Shank's contract rights. Diaz moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### STANDARD OF REVIEW

Rule 12 (b)(6) allows a party to attack the legal sufficiency of the complaint and move to dismiss the complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). The Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

**ANALYSIS**

**1. 42 U.S.C. § 1983 Claim**

A private actor may be liable under § 1983 if she conspires with state officials to violate a citizen's constitutional rights. *See Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005). To establish § 1983 liability, "a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Id.* at 951. "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th cir. 1985). "The factual basis need not be extensive, but it must be enough to avoid a finding that the suit is frivolous." *Id.*

Viewing the complaint in the light most favorable to Shank, the complaint alleges a plausible § 1983 claim against Diaz. The complaint contains sufficient facts to suggest that Diaz and some of the other defendants reached an agreement with the mayor to terminate Shank in violation of his constitutional rights. Thus, Diaz's Rule 12(b)(6) motion to dismiss will be denied.

## 2. Interference With Contract Claim

To establish a cause of action for tortious interference with contract under Nebraska law, the plaintiff must prove five elements:

> (1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage to the party whose relationship or expectancy was disrupted.

*Huff v. Swartz*, 258 Neb. 820, 825, 606 N.W.2d 461, 466 (Neb. 2000).

Viewing the complaint in the light most favorable to Shank, the complaint alleges a plausible tortious interference with contract claim against Diaz. The complaint contains sufficient allegations to infer Diaz knew Shank had an employment contract with the City, Diaz unjustifiably interfered with Shank's employment, and Shank suffered damages as a result. Diaz's Rule 12(b)(6) motion to dismiss will be denied. Accordingly,

IT IS ORDERED that Diaz's Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted is denied.

DATED this 9th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court